the Indians in 1777, and returned to the lands after the war and died there.

Nicholson died on his return with the militia. His eldest brother and heir at law conveyed to John M'Connel, who brought an ejectment and died. The suit was revived by his heirs the now plaintiffs.

By the court. The words of the 10th section of the pre-emption act, passed 21st December 1784 (2 Dall. St. Laws, 235) are express, that no one shall be entitled to pre-emption of the Pine Creek lands, unless application for the same be made, and the consideration thereof tendered to the receiver general on or before the 1st November 1785.

Under the circumstances of this case judgment must be entered for the plaintiff.

Messrs. Ingersoll, *pro quer.* Mr. Tilghman, *pro def.*

## Anne Norris *against* Joseph Pilmore.

In debt by original process against a clergyman for marrying a minor without the consent of his parent, plaintiff is entitled to costs.

DEBT, by original process. The plaintiff declared, that on the 1st June 1793, at Philadelphia, she was mother of Robert Norris, the said Robert being one of the society called Friends, and under the age of 21 years; that the defendant being a person in holy orders, and minister of the Protestant Epis-copal church, did then and there marry the said Robert Norris *to Anne Armstrong, without publication and without [*406 the certificate, agreement, or consent of the said Anne Norris, who then inhabited the county of Philadelphia, by which action hath accrued, &c.

Plea, *nil debet* and issue.

The cause came on to be tried this term, when the jury found a verdict for the plaintiff, debt 50l. with six pence damages and six pence costs.

Messrs. Moses Levy and Porter, for the defendant, now objected that the plaintiff was not entitled to costs. They contended, that under the act of assembly passed 25th Sep-tember 1786, (2 Dall. St. Laws, 472, § 5) giving this court original jurisdiction in suits within the city and county of Philadelphia, if the plaintiff shall not recover more than 50l. he shall not be allowed any costs of suit. Damages are re-coverable in an action of debt, on account of the detention of the debt. Sayer's Law of Damages, 63. This is a suit for a penalty or forfeiture; but no duty arose until the verdict. At that instant the obligation to pay the money commenced, and therefore no damages could possibly be incurred by the detention, the same moment. A forfeiture commences from

[Norris *v*. Pilmore.]

the time of conviction. 2 Bl. Com. 421. In Hullock's Law of Costs, 17, it is said, that it has been repeatedly decided, that in an action of debt upon any statute, by a party grieved for a certain penalty, the plaintiff shall recover costs, though none are given by the statute. But under the act of assembly on which the present suit is instituted, two persons may be said to be the parties grieved, the mother or master of the minor married, and the party grieved remains unascertained until the verdict. It may be objected that the right is vested in the first person grieved who brings the suit; but, to this we answer by asking, if the mother here had been nonsuited, could not the master of the boy have brought his action within the time limited? If we are answered in the affirmative, as we clearly must be, it necessarily follows, that no duty was fixed until the recovery. No costs can be recovered in any action prosecuted by a common informer, except costs are expressly given by the statute inflicting the penalty. Hullock 19. The reason is, that no person is ascertained who has a right to receive the penalty; any person may bring the action. So here as between the mother and master, either may commence the suit on the act of assembly. The party grieved remains unascertained as much as in the case of a common informer.

Mr. Ingersoll for the plaintiff argued, that this was a question *407] of positive law. The mere gist of the dispute is, whether this is the case of a common informer or of a party grieved, not whether there may not be more than one injured person. The law knows of no intermediate cases, but vests the right immediately in the party grieved, from the time of the offence committed: it does not originate with the verdict of the jury.

There is a marked distinction between actions brought by a party grieved and by a common informer. In Sayre 71, Law of Damages, who cites Cro. Car. 559, it is laid down, that if a certain sum of money be given by a statute, by way of penalty to the party grieved by an injury, the party grieved may in an action of debt, besides recovering the money, recover damages for the detention thereof; because the money is to be considered as a debt, it being a sum certain. But it is otherwise in the case of a common informer, who has not the least pretence of right to the money before the action was commenced. 1 Rol. Abr. 574. North *v*. Musgrave.

Here the plaintiff claims under the former character, and was therefore entitled to damages for the detention of the debt of 50l. vested in her by law. He further cited Cowp. 407. 4 Burr. 2022. 1 Ld. Raym. 170.

The court took time to advise; and afterwards in the same term, Shippen J. pronounced the judgment of the court, as follows:

This was an action of debt against a clergyman for marry-

[Norris *v.* Pilmore.]

ing an apprentice lad of 18 years of age without the consent of his parent or master.

The act of assembly directs, that a person so offending shall forfeit the sum of 50l. to be recovered in any court of record, by the person or persons grieved, if they will sue for the same.

This action was brought by the mother of the lad; and the jury have found a verdict for the plaintiff, with six pence damages and six pence costs.

The counsel for the defendant moved the court, that judgment should be entered for the defendant without costs. The ground of the motion is, that this action being brought originally in the Supreme Court, and the act of assembly directing that if the plaintiff do not recover more than 50l. he shall not have costs, and the verdict being for the precise sum of 50l. no costs will follow; and although the jury have given six pence damages, yet they contend this was beyond the power of the jury to do in this kind of action, damages in an action of debt being given for the detention of the debt; but here no debt was due till the finding of the jury, so no detention. To this it was answer\*ed, that there is a distinction be- [\*408 tween an action brought by a common informer, and one brought by a person grieved. In the latter case, the debt incurs immediately, upon the commission of the offence; so damages may be well given for the detention.

To this, the defendant's counsel replies, that by the words of the act of assembly, the master as well as the parent, may be the party grieved, and therefore there is the same uncertainty as to the person entitled to the penalty, as in the case of a common informer.

We have examined the several authorities in the books, upon this point. In 1 Rol. Abr. 574, it is said, where a statute gives a certain penalty to a person grieved, the debt is due on the return of the summons; and in Cro. Car. 559, it is said to be due after demand. But neither of these cases fully answers the objection, there being in those cases but one person, who could be grieved. We have however looked into Henry Blackst. 10, which has given us satisfaction upon the point. That was the case of an action of debt brought for the penalty of the *habeas corpus* act, by the party grieved, against a gaol keeper, for refusing the plaintiff a copy of his warrant of commitment. A verdict was given for the penalty, but without damages or costs. On a motion that the prothonotary should tax the plaintiff's costs, and that 1s. nominal damages should be indorsed on the *postea*, the court ruled, that this was not a popular action; but that the right vests in the party grieved, as soon as the grievance is committed; but it is otherwise in the case of a common informer, who has no interest till judgment. And on turning to the *habeas corpus* act, on which the action was brought, we find the penalty is given to the prisoner or party grieved, in the dis-

1 YEATES—25

[Norris v. Pilmore.]

junctive. We are therefore of opinion, that the jury had a right to give the nominal damages, which carries the sum recovered beyond the 50l., and the plaintiff must have her costs.

M'Kean, C. J. was present when the foregoing opinion was delivered, and said, that not being present when the argument was had, he did not deliver the judgment of the court, but that he entirely concurred in it.

*Absente* Yeates.

Cited in 2 Rawle, 197, in support of the proposition that a penalty given to the party aggrieved, accrues at the commission of the offense.

Cited in 3 Rawle, 310, where it is decided that an apprentice is not within the meaning of the act of 1729, prohibiting clergymen and others from joining in marriage "indented servants," without the consent of their masters.

Cited in 5 Rawle, 130, in support of the proposition that where a penalty is given to the party injured, an action for it cannot be considered as a prosecution for a public wrong, but as a civil remedy for a private injury.

Also cited in 8 Watts, 242.